## ALFRED STEVENSON v. STATE.

No. A-9610. April 11, 1940.
(101 P. 2d 644.)

Moody & Henderson, of Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant was charged in the district court of Murray county with the offense of assault with intent to kill, was tried, convicted and sentenced to serve a term of two years in the state penitentiary, and has appealed to this court.

The only assignment of error argued before this court is the contention of the defendant that the punishment assessed against him is excessive under the facts.

The defendant is a negro. The evidence shows that on Christmas Eve night, 1937, the defendant with several other negroes went to the home of Ruben Jackson, near Hennepin in Murray county. While they were at Ruben Jackson's home, some one proposed that they get

a blanket and shoot a few craps. A dice game started, and after a few minutes two of the negroes, SammyJohnson and Ruben Jackson, got into an argument over the dice. A scuffle between Jackson and Johnson started, and the defendant pulled his pistol and started firing. The first shot hit Ruben Jackson; he then shot the complainant Wyley Newberry in the leg and in the stomach. Newberry apparently was not engaged in the fracas at all, but was sitting on a bed talking to a negro girl. When the defendant grabbed his pistol and started to fire, Newberry spoke up and said, "Alfred, don't do that;" and the defendant then shot Newberry. One of the shots went through the lower part of Newberry's stomach, hit his hip bone and went on through his body. After he had shot Newberry, he snapped his pistol at him again while Newberry was lying on the floor. Newberry was taken to the Hardy Sanitarium at Ardmore where he was confined for eight weeks.

The evidence showed that Sammy Johnson, the man engaged in the scuffle with Ruben Jackson, pulled a gun in his scuffle with Jackson. So far as the complainant Newberry was concerned, he was unarmed and made no move towards the defendant nor did he make any statement justifying the assault that was made on him.

The defendant did not take the witness stand, and no evidence was offered in his behalf.

We have carefully examined the record herein; the instructions given fairly presented the issues to the jury, the evidence abundantly satisfies the requirements of the law, and we think the contention of the defendant that the punishment is excessive is wholly without merit.

The judgment is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.